UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIE HUGHES WALKER JR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PUGET SOUND NAVAL SHIPYARD et al.,<br><br>　　　　　Defendants. | CASE NO. C86-1103 MJP<br><br>ORDER ON MOTION TO REOPEN |

THIS MATTER comes before the Court on Plaintiff Willie Hugh Walker, Jr.'s Motion for Reinstatement of His Employment Discrimination Action. (Dkt. No. 66.) Having reviewed the Motion and all related papers, the Court hereby DENIES the Motion.

**Background**

Plaintiff's first Title VII case was opened in 1985. (See Case No. C85-1049.) Plaintiff represents in his Motion that after his request for court-appointed counsel was denied, the Court granted the Defendant's Motion to Dismiss without prejudice for failure to oppose a motion to dismiss. (Dkt. No. 66 at 6.) Plaintiff explains that he later re-filed his same case (see C86-1103);

the second time, his request for court-appointed counsel was granted. (Id. at 6.) However, his second case was dismissed for lack of subject matter jurisdiction based on untimely filing pursuant to former 5 U.S.C. § 7703(b)(2). See Walker v. Puget Sound Naval Shipyard et al., No. 88-3983, slip op. at 1 (9th Cir. Sept. 14, 1989). With the assistance of counsel, Plaintiff appealed to the Ninth Circuit, arguing that the district court erred in failing to consider principles of equitable tolling, waiver, and estoppel to excuse his late filing. (Id.) The Ninth Circuit affirmed. (Id.) Plaintiff asked his counsel to appeal the decision to the Supreme Court; Plaintiff alleges that his counsel did not do so. (Dkt. No. 66 at 8–9; see also id., Ex. F at 35; Ex. G at 37; Ex. H at 39.)

Plaintiff's apparent position in his Ninth Circuit appeal—that, contrary to Ninth Circuit precedent at the time, an untimely complaint under 5 U.S.C. § 7703(b)(2) does not deprive the court of jurisdiction and the statute of limitations is subject to equitable tolling—was ultimately vindicated by the Supreme Court just over a year after the Ninth Circuit opinion in Plaintiff's case. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95–96 (1990).

Plaintiff now argues that the first district court violated his equal protection and due process rights by refusing to appoint counsel on his behalf and that his appointed counsel violated his equal protection and due process rights by failing to appeal to the Supreme Court. (Dkt. No. 66 at 5; 9–10.) Plaintiff asks this Court to reopen his case on the basis of these alleged constitutional violations.

**Analysis**

Motions to reopen cases are considered either under Federal Rule of Procedure 59 or 60. Because Rule 59(e) motions to alter or amend the judgment must be brought within 28 days after the entry of the judgment, Rule 59 is inapplicable to Mr. Walker's request.

ORDER ON MOTION TO REOPEN- 2

Rule 60(b) provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or
    (6)    any other reason that justifies relief."

But a Rule 60 motion must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Here, the extraordinary delay of more than twenty-five years since Plaintiff lost his Ninth Circuit appeal and more than twenty-four years since the Supreme Court decision in his favor forecloses the possibility that the request to reopen was made within a "reasonable time."

Furthermore, attorney malpractice of the kind Plaintiff alleges occurred here does not generally constitute grounds for a Rule 60 motion, particularly more than a year after the malpractice took place. See Casey v. Albertson's Inc., 362 F.3d 1254 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1). This is especially true where a party has waited a year to complain about the failings of her lawyers.").

1      As for the decision of the Supreme Court in <u>Irwin</u>, Federal Rule of Civil Procedure 60(b)(5) permits relief where "a prior judgment upon which it is based has been reversed or otherwise vacated," but the 9th Circuit holds that "a change in the applicable law after a judgment has become final is not a sufficient basis for vacating the judgment." <u>Clifton v. Attorney General of State of Cal.</u>, 997 F.2d 660, 665 (9th Cir. 1993).

6      Rule 60(b)(6) does not justify reopening the case either. "The residual clause, like Rule 60(b) generally, is not a substitute for an appeal, and in all but exceptional circumstances, the failure to prosecute an appeal will bar relief under that clause." <u>Lubben v. Selective Service System Local Bd. No. 27</u>, 453 F.2d 645 (1st Cir. 1972). Furthermore, "An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)." <u>Lal v. California</u>, 610 F.3d 518, 524 (9th Cir. 2010). The exception to this general rule is found only where the attorney's neglect is "so gross that it is inexcusable." <u>Id.</u> Mr. Walker's attorney's failure to appeal to the Supreme Court—an act generally understood to offer only a slim chance of success—does not fit into the category of gross neglect in the context of an employment discrimination case. Finally, <u>Irwin</u> does not merit relief under Rule 60(b)(6) because a change in decisional law after entry of judgment does not constitute "exceptional circumstances." See <u>McKnight v. United States Steel Corp.</u>, 726 F.2d 333, 336 (7th Cir. 1984); <u>Title v. United States</u>, 263 F.2d 28, 31 (9th Cir. 1959).

**Conclusion**

20      Because Mr. Walker's request to reopen his case did not occur within a reasonable time, and neither alleged attorney malpractice nor a favorable Supreme Court opinion constitutes grounds for reopening a case under Rule 60(b), the Motion is DENIED.

23      The clerk is ordered to provide copies of this order to all counsel.

1  Dated this 6th day of February, 2015.

*[signature]*

Marsha J. Pechman
Chief United States District Judge